FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 18 2007

at 2 o'clock and ⌒ min. P M
SUE BEITIA, CLERK

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EASSIE A. SOARES-HAAE,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>JAMES G. ROCHE, Dr. The Secretary of the U.S. Air Force; et al.,<br><br>Defendants - Appellees. | No. 05-15566<br><br>D.C. No. CV-03-00610-DAE<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted February 14, 2007**
San Francisco, California

Before: SCHROEDER, Chief Circuit Judge, NOONAN and GOULD, Circuit Judges.

Eassie A. Soares-Haae appeals the entry of summary judgment in his

employment discrimination case against his former employer, the Secretary of the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Air Force. Soares-Haae argues that the district court erred by entering summary judgment against him on his claims of disparate treatment, hostile work environment, and retaliation under Title VII. A district court's grant of summary judgment is reviewed de novo. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.   Disparate Treatment

Soares-Haae failed to establish a prima facie case of disparate treatment because he did not show that any of the incidents he claims constitute disparate treatment were adverse employment actions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). Soares-Haae's "excellent" evaluation was not an adverse employment action, because the evaluation was above-average and did not affect his pay, benefits, or competitiveness for a promotion. *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1113 (9th Cir. 2000). No other action of which Soares-Haae complains constitutes an adverse employment action.

Even if Soares-Haae had established a prima facie case of disparate treatment, the Secretary of the Air Force met his burden of providing a legitimate non-discriminatory reason for the "excellent" evaluation: Soares-Haae's failure to keep his work space clean. *See McDonnell Douglas*, 411 U.S. at 802. Soares-Haae did not provide any evidence that raised a genuine issue of material fact as to

whether this reason was a pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

## II.  Hostile Work Environment

Soares-Haae presented evidence that on one occasion, his supervisor, Master Sergeant Richard Cornelius, questioned him about Hawaiian sovereignty in a derogatory manner. However, Soares-Haae's declaration that Cornelius made several jokes about other races is not relevant to a hostile work environment claim, which requires Soares-Haae to show that he was "subjected to [unwelcome] verbal or physical conduct based on [his] race." *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005). Since the Hawaiian sovereignty comment is the only evidence of unwelcome racially-based conduct against Soares-Haae, Soares-Haae has failed to show conduct that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Id.* (citation omitted); *see Ellison v. Brady*, 924 F.2d 872, 876 (9th Cir. 1991) (holding that an offensive remark alone is not actionable under Title VII).

## III.  Retaliation

Soares-Haae has failed to establish a prima facie case of retaliation, which requires a causal link between a protected activity and an adverse employment action. *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 800 (9th Cir. 2003). Soares-

Haae's February 1998 suspension is the only action characterized as retaliatory that constitutes an adverse employment action. The suspension occurred almost a year after Soares-Haae filed a series of EEO complaints, so there is not a sufficient "temporal proximity" between the events to establish the required causality. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001). Because Soares-Haae provides no other evidence that his EEO complaints prompted the suspension, he has not raised a genuine issue of material fact as to whether the suspension constituted retaliation.

Even if Soares-Haae had established a prima facie case of retaliation, the Secretary of the Air Force provided a legitimate non-discriminatory reason for the suspension. *See Manatt*, 339 F.3d at 800. Soares-Haae and another Hawaiian employee were suspended for fighting with each other. The other employee received a shorter suspension because he had reported the incident and shown remorse. Soares-Haae did not provide any evidence that creates a genuine issue of material fact as to whether this reason was a pretext for discrimination. *See id.*

AFFIRMED.

4

CONFAT INVATT
CLOSED

i

INTERNAL USE ONLY: Proceedings include all events.
05-15566 Soares-Haae v. Roche, et al

| | |
|---|---|
| EASSIE A. SOARES-HAAE<br>    Plaintiff - Appellant | Andre S. Wooten, Esq.<br>808/545-4165<br>[COR LD NTC ret]<br>1188 Bishop Street<br>Suite 1909<br>Honolulu, HI 96813 |
| v. | |
| JAMES G. ROCHE, Dr. The<br>Secretary of the U.S. Air<br>Force<br>    Defendant - Appellee | R. Michael Burke, Esq.<br>FAX 808/541-2958<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S.<br>ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |
| CORNELIUS, Sgt.<br>    Defendant - Appellee | R. Michael Burke, Esq.<br>(See above)<br>[COR LD NTC aus] |